## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **EDWARD AMADOR AND WAYNE WILKE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 15-2616-JAR-GLR** |
| | ) | |
| **BOILERMAKER-BLACKSMITH** | ) | |
| **NATIONAL PENSION TRUST,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiffs filed this lawsuit against Boilermaker-Blacksmith National Pension Trust ("Trust") alleging violations under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs claim that they were denied benefits under their plan and that requested information was not provided as required under 29 U.S.C. § 1132(c)(1)(B). Plaintiffs seek restoration of their benefits plus interest as well as $28,700 in damages related to the failure to disclose. Defendant moves to dismiss these claims under Fed. R. Civ. P. 12(b)(6) on the grounds that the cause of action is barred by res judicata and alternatively, for failure to state a claim upon which relief can be granted. As explained more fully below, Defendant's motion is granted in part, with leave for Plaintiffs to amend the complaint.

### I.      Background

Plaintiffs previously filed an action in state court against the Trust, seeking to recover benefits from the Trust alleging violations of state trust law. The lawsuit was removed to this Court, Case No. 14-cv-2319-RDR. Judge Rogers granted the Trust's motion to dismiss on the grounds that Plaintiffs' claims are governed exclusively by ERISA, and thus Plaintiffs' state law

claims were preempted by federal law.[1]  The court went on to discuss that even if Plaintiffs had

brought their claims against the Trust under ERISA, their allegations were insufficient to state a

claim, noting that Plaintiffs had not alleged the Trust's denial of their pension benefits was an

abuse of discretion or arbitrary and capricious, that Plaintiffs did not allege that they had

exhausted their available administrative remedies prior to filing their action, and that their claims

were not plausible.[2]  Plaintiffs appealed that decision to the United States Court of Appeals for

the Tenth Circuit, which dismissed the appeal for lack of prosecution.[3]

Plaintiffs filed their Verified Complaint in this Court on February 23, 2015.[4]  Plaintiffs

acknowledge they originally brought a claim under Kansas trust laws, which was dismissed

because they had not exhausted their administrative remedies.  Plaintiffs allege they have now

exhausted their administrative remedies and appealed the denial of their claims as required by

the Plan.  Those appeals were denied on December 15, 2014, because they were untimely and

because the Trust must honor the Notice of Levy received from the IRS.  Plaintiffs claim they

were denied benefits under their plan and that requested information was not provided as

required under 29 U.S.C. § 1132(c)(1)(B).  Plaintiffs seek restoration of their benefits plus

interest as well as damages for $28,700 related to the failure to disclose.

---

[1]Case No. 14-2329, Doc. 25 at 7.  The Tenth Circuit has held that it is proper to consider prior court pleadings when reviewing a motion to dismiss on res judicata grounds, and not convert the Rule 12(b)(6) motion to one for summary judgment.  *See Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361–62 (10th Cir. 2008); *see also Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006) ("When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issues of fact.").

[2]Case No. 14-2329, Doc. 25 at 8–9.

[3]Case No. 14-2329, Mandate, Doc. 31.

[4]Doc. 1.

## II.    Legal Standard

To survive a motion to dismiss, a claim must be plausible on its face.[5]  In presenting such a claim, a plaintiff must provide enough facts to convince a court that he has a "reasonable likelihood of mustering factual support for these claims."[6]  These facts must be examined in the light most favorable to the non-moving party.[7]  A court must draw on its own reason and experience to determine whether a claim is plausible on its face.[8]  Unsupported legal conclusions are not entitled to the same assumption of truth as facts.[9]

A pro se filing is to be "liberally construed."[10]  Pro se complaints must be held to less stringent standards.[11]  It is not the role of a court to act as an advocate for a pro se party.[12]  The court should consider the merits of the arguments presented by the pro se party, even if an argument is inartfully made.[13]  Dismissal of pro se claims is only appropriate when it is clear that "the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[14]

---

[5]*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).

[6]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[7]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8]*Id.* at 679.

[9]*Id.*

[10]*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curium).

[11]*Id.*

[12]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13]*Id.*

[14]*Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citations omitted).

3

**III.    Discussion**

Plaintiffs seek the restoration of their benefits and interest under 29 U.S.C. § 1132(a).  A participant may bring a suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[15]  A participant in a plan may also file an action based upon an "Administrator's refusal to supply requested information."[16]  Defendant moves to dismiss Plaintiffs' complaint under the doctrine of res judicata and, alternatively, for failure to state a claim.  The Court addresses each issue in turn.

**A.    Res Judicata**

Plaintiffs allege that Defendant withheld benefits from an ERISA governed plan after receiving a tax levy and failed to disclose information as required by ERISA.  Plaintiffs made the same allegations in their state law claims.  In dismissing those claims, Judge Rogers determined that Plaintiffs' claims were governed exclusively by ERISA and thus preempted by federal law.  Judge Rogers further noted that even if Plaintiffs had alleged ERISA claims,  Plaintiffs did not exhaust their administrative remedies, making an opportunity to amend the complaint futile.  Plaintiffs exhausted their administrative remedies after the dismissal of their state law claims and now bring their claims under ERISA.  Defendant argues that Plaintiffs are barred from suit under the doctrine of res judicata.

Considering the procedural history of the case and the limited jurisdictional basis for the decision of Judge Rogers, the Court finds that the order dismissing Plaintiffs' state law claims as preempted by federal law is not a decision having full res judicata effect.  Instead,  dismissal for

---

[15] 29 U.S.C. 1132(a)(1)(B).

[16] 29 U.S.C. 1132(c).

want of subject matter jurisdiction operates as res judicata only as to future jurisdictional

issues.[17]  Moreover, it is clear that a claim falls under the doctrine of res judicata only if a

judgment on the merits of the action has been reached.[18]  In the previous case, the Court noted

that even if Plaintiffs had brought their claims under ERISA, they had not exhausted

administrative remedies available to them.  Courts have recognized a requirement to exhaust

administrative remedies as implicit within ERISA.[19]  ERISA claims that have been dismissed for

failure to exhaust administrative remedies are presumed to have been dismissed without

prejudice.[20]  Thus, examining the record before the Court, it is apparent that Judge Rogers did

not have the opportunity to address the merits of Plaintiffs' claims when dismissing them on

preemption and jurisdictional grounds.  Because Defendant's instant motion to dismiss seeks a

finding that Plaintiffs' ERISA claims are precluded by Judge Roger's jurisdictional decision

under res judicata principles, it must be denied.

###   B.      Rule 12(b)(6)

Plaintiffs attempt to state a claim against the Trust seeking the imposition of civil

penalties for the Trust's failure to provide requested documents pursuant to ERISA §

502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B).  Plaintiffs allege that they requested documents from

the Trust on April 14, 2014.  Plaintiffs claim a further violation occurred when the Trust failed to

provide a qualified domestic relations order requested by Plaintiffs in a December 20, 2014

---

[17]*State Farm Mut. Auto Ins. v. Dyer*, 19 F.3d 514, 518 n.8 (10th Cir. 1994) (recognizing that "a ruling granting a motion to dismiss for lack of subject matter jurisdiction is not on the merits; its res judicata effect is limited to the question of jurisdiction.") (citations omitted).

[18]*King v. Union Oil Co.*, 117 F.3d 443, 445 (10th Cir. 1997).

[19]*Koehler v. Freightquote.com, Inc.*, No. 12-2505-DDC, 2014 WL 2690277, at *3 (D. Kan. June 13, 2014) (citing *Held v. Mfr.'s Leasing Corp.*, 912 F.2d 1197, 1206 (10th Cir. 1990)).

[20]*See Makar v. Health Care Corp. of Mid-Atl.*, 872 F. 2d 80, 83 (4th Cir. 1989).

letter.  Defendant argues that Plaintiff's claim for failure to disclose documents should be dismissed because it fails to state a plausible claim and alternatively, because the Trust is not the proper party.

A plan administrator is charged with producing "a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."[21]  If a plan administrator fails to provide any documents as required, the administrator is liable for a civil penalty.[22]  A plaintiff must convince a court that a plan administrator is required, under ERISA, to provide the documents requested and did not produce them.[23]

A plan administrator is liable for damages stemming from a § 1132(c)(1)(B) suit.[24]  All liability lies with the plan administrator, even if said administrator delegated duties or someone else acted as a de facto administrator.[25]  A plan administrator is defined by statute as:

> (I)   the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii)  if an administrator is not so designated, the plan sponsor; or
> (iii)  in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.[26]

A plan sponsor is defined as:

---

[21]29 U.S.C. § 1024(b)(1)(B)(4).

[22]29 U.S.C. § 1132(c)(1)(B).

[23]*See Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 622 (7th Cir. 1987); *Louderback v. Litton Indus.*, 504 F. Supp. 2d 1145, 1153 (D. Kan. 2007).

[24]*McKinsey v. Sentry Ins.*, 986 F.2d 401, 404 (10th Cir. 1993).

[25]*Id.*

[26]29 U.S.C. § 1002(16)(A).

> (I) the employer in the case of an employee benefit plan
> established or maintained by a single employer, (ii) the employee
> organization in the case of a plan established or maintained by an
> employee organization, or (iii) in the case of a plan established or
> maintained by two or more employers or jointly by one or more
> employers and one or more employee organizations, the association, committee,
> joint board of trustees, or other similar group of representatives of the parties who
> establish or maintain the plan.[27]

Plaintiffs have failed to allege that Defendant meets any of these criteria.  Accordingly, claims

arising under § 1132(c)(1)(B) against the Trust cannot survive unless the Trust is a plan

administrator or plan sponsor, should no plan administrator be designated.

Additionally, Plaintiffs have failed to provide enough factual basis for their claims to be

plausible on their face.  Plaintiffs have alleged that Defendant failed to provide information

required under ERISA.  However, Plaintiffs have not alleged how Defendant failed to provide

the requested information.  Plaintiffs acknowledge that Defendant provide 238 pages of

documents related to the request for documents on or about December 18, 2015.[28]  There is no

allegation that this information provided fails to meet the standard required by ERISA.  There is

also no allegation that the disclosure of this information is required under ERISA.  Looking at

the facts presented in the light most favorable to Plaintiffs, there is not substance in the

allegation to make the claims plausible on their face.

Although Plaintiffs have not requested leave to amend the complaint, a pro se litigant is

entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless

---

[27] 29 U.S.C. § 1002(16)(B).

[28] Doc. 1

it is clear that no amendment can cure the defect.[29]  Accordingly, Plaintiffs' claims under §
1132(c)(1)(B) are dismissed without prejudice.  Plaintiffs are granted leave to amend Count Two
of their Complaint consistent with this order.

   **IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to
Dismiss (Doc. 4 ) is **granted in part and denied in part**.   Defendant's motion to dismiss is
denied on res judicata grounds, and granted without prejudice with respect to Plaintiffs' failure
to disclose claim; Plaintiffs shall have until **July 29, 2015**, to amend their complaint.

   **IT IS SO ORDERED.**

Dated: July 9, 2015

      S/ Julie A. Robinson
     JULIE A. ROBINSON
     UNITED STATES DISTRICT JUDGE

---

[29]*See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("[T]he plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint.").