IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EDWARD AMADOR, et al.,**<br><br>  **Plaintiffs,**<br><br>  v.<br><br>**BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST,**<br><br>  **Defendant.** | Case No. 15-2616-JAR-GLR |

### MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' motion to compel, which is actually titled "Sufficiency Notice for Answers to Admissions" (ECF 25). Plaintiffs, proceeding *pro se*, contend Defendant's responses[1] to their requests for admission are insufficient for a variety of reasons. Many of Plaintiffs' objections seem to stem from the fact that the Trust did not explain in detail why it denied Plaintiffs' requests for admissions. Defendant argues its responses comply with Fed. R. Civ. P. 36(a)(4)–(5). The Court agrees.

Plaintiffs' arguments are, at best, misguided or conclusory. For instance, Plaintiffs object to Defendant's counsel answering their request for admissions, and Plaintiffs routinely state "this is an impossibility and voids itself as such." (ECF 25 at 2–5.) Nevertheless, Fed. R. Civ. P. 36(a)(4) and (5) apply. Rule 36(a)(4) requires that an answer

> specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

---

[1] Throughout their briefs, Plaintiffs refer to "Carol" as the person answering the requests. Carol is simply the first name of Defendant's counsel.

Fed. R. Civ. P. 36(a)(4). "The grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5). Rule 36 "imposes a duty on the [party responding to a request for admission] to make a reasonable inquiry to determine his ability to admit or deny." *Harris v. Oil Reclaiming Co., Ltd.*, 190 F.R.D. 674, 678 (D. Kan. 1999). "A denial is a sufficient answer." *Id.*

Here, Defendant's answers object to many requests as (1) vague and/or ambiguous (ECF 27-2 at 2–6, ¶¶ 1, 4, 15, 17, and 22) or (2) irrelevant to Plaintiffs' claim (*Id.* at 2–6, ¶¶ 4, 9, 10, 12–22). Many of Plaintiffs' requests referred to "Exhibit C," but Exhibit C was not attached to the requests, which Defendant pointed out in its responses. When Defendant needed to admit in part and deny in part, Defendant adequately stated the reason(s) for it. By way of example of the above, here is a sample request and response:

> 25. Respondent indicated in its letters (exhibit C) used to respectively denying our benefits; "[Our] pension checks will be held until these forms are received."
>
> **RESPONSE:** Defendant objects to Request No. 25 because it is vague and ambiguous as to which document(s) "exhibit C" references. Defendant admits it sent separate letters to Plaintiffs stating, "Your pension checks will be held until these forms are received." Defendant denies the remainder of Request No. 25.

(ECF 27-2 at 6.) While Plaintiffs contend Defendant is being disingenuous because it has quoted the language from "exhibit C," Defendant has adequately responded to Plaintiffs' Request No. 25. Defendant stated why it was vague and ambiguous ("exhibit C" was not attached to the request), Defendant admits it sent letters stating certain language, and Defendant denied the remainder of the request. That Defendant did not elaborate as much as Plaintiffs would like or did not admit something Plaintiffs believe is uncontroverted does not mean Defendants violated Rule 36. Moreover, requests for admission are intended to "narrow the scope of issues for trial, not to lead to the discovery of admissible evidence." *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272

F.R.D. 177, 184 (S.D.W. Va. 2010); *see also* § 2253 Relation to Other Discovery Rules, 8B Fed. Prac. & Proc. Civ. § 2253 (3d ed.) ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness."). The Court finds Defendant's responses comply with Rule 36.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to compel, which is entitled "Sufficiency Notice for Answers to Admissions" (ECF 25) is denied.

Dated December 7, 2015, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

3