IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWARD AMADOR AND WAYNE WILKE, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 15-2616-JAR-GLR |
| ) | |
| BOILERMAKER-BLACKSMITH ) | |
| NATIONAL PENSION TRUST, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiffs Edward Amador and Wayne Wilke filed this *pro se* lawsuit against Boilermaker-Blacksmith National Pension Trust (the "Trust") alleging wrongful denial of benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. On April 7, 2016, this Court granted the Trust's Motion for Summary Judgment.[1] This matter is now before the Court on Plaintiffs' "Objection, Motion & Memorandum to Relieve a Judgment by Affidavit" (Doc. 54), seeking relief from the Court's order under Fed. R. Civ. P. 60(b).[2] For the reasons explained in detail below, Plaintiffs' motion is denied.

Plaintiffs' motion is premised upon Rule 60(b)(3) and (4), which state:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] Doc. 50.

[2] Plaintiffs also filed a direct appeal to the Tenth Circuit Court of Appeals, which that court abated pending disposition of the instant post-judgment motion. Doc. 61.

  (4) the judgment is void; . . .[3]

In the Tenth Circuit, it is well-settled that "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'"[4]  To obtain relief from judgment under rule 60(b)(3), the moving party "must, by adequate proof, clearly substantiate the claim of fraud, misconduct, or misrepresentation."[5]  Under Rule 60(b)(4), "[a] judgment is void 'only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law.'"[6]

  In its order granting the Trust summary judgment, the Court determined that the Trustee's determination that Plaintiff's appeals were untimely was reasonable and that the Trustee's decision to honor the tax levies cannot be considered arbitrary or capricious.  Plaintiffs argue that they should be afforded relief from the Court's judgment because 1) the Court erred in analyzing Plaintiffs' claims as "alleging wrongful denial of benefits," 2) the Trust did not provide any evidence from witnesses with personal knowledge, 3) the Trust did not obtain a Qualified Domestic Relations Order ("QDRO") prior to complying with the IRS Notices of Levy, 4) the Court did not "show evidence" in support of its decision to grant the Trust's Motion for Summary Judgment, 5) the Court erroneously determined that Plaintiffs' appeals were untimely, and 6) the judgment is void because there is no evidence that Plaintiffs are taxpayers who would be subject to federal tax levies.

  As the Trust points out, Plaintiffs present no valid legal argument to warrant relief from the Court's order.  Instead, they repeat arguments and allegations regarding the nature of their

---

[3]Fed. R. Civ. P. 60(b)(3), (4).

[4]*Zurich North Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

[5]*Id.* at 1290.

[6]*United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quoting *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir. 1974)).

claims as only cognizable under ERISA, the QDRO arguments, and whether the plan administrator's decision was arbitrary or capricious.  Plaintiffs' broad assertions are merely a rehash of their previous arguments, replete with personal insults and attacks against counsel for Defendant as well as this Court, and are insufficient to warrant relief from judgment for fraud or as void pursuant to Rule 60(b)(3) or (4).  Moreover, in the underlying summary judgment proceedings, Plaintiffs never raised any issue regarding the Administrative Record filed by the Trust, nor challenged the applicable standard of review.  Accordingly, Plaintiffs' motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Objection, Motion & Memorandum to Relieve a Judgment by Affidavit (Doc. 54) is DENIED.

**IT IS SO ORDERED.**

Dated: June 13, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE